**James H. BRADY, Plaintiff–Appellant,**

v.

**ASSOCIATED PRESS TELECOM, NBC News New York, WCBS–TV New York, The New York Times Company, New York Post, New York Daily News, Wall Street Journal, Newsday Media Group, Defendants–Appellees,**

**John Doe, 1–50, Defendants.**

**17-268-cv**

United States Court of Appeals, Second Circuit.

March 1, 2018.

FOR PLAINTIFF–APPELLANT: James H. Brady, pro se, Wyckoff, New Jersey.

FOR DEFENDANTS–APPELLEES: David E. McCraw, Ian MacDougall, The New York Times Company, New York, New York. Katherine M. Bolger, Thomas B. Sullivan, Levine Sullivan Koch & Schulz, LLP, New York, New York.

PRESENT: AMALYA L. KEARSE, GUIDO CALABRESI, DENNY CHIN, Circuit Judges.

## SUMMARY ORDER

Plaintiff–appellant James H. Brady, proceeding *pro se*, appeals from the district court's judgment entered February 3, 2017 dismissing his complaint with prejudice for failure to state a claim and denying him leave to amend. Brady sued defendants–appellees Associated Press Telecom, NBC News New York, WCBS–TV New York, The New York Times Company, New York Post, New York Daily News, Wall Street Journal, and Newsday Media Group, alleging fraud, conspiracy, equal protection violations, willful misconduct, and gross negligence, based on the news organizations' purported failure to investigate and report on alleged judicial corruption that occurred during Brady's state court litigation about the air rights to the space above the building in which he owned an apartment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the district court's grant of a motion to dismiss for failure to state a claim, "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). We review a decision to deny leave to amend for abuse of discretion. *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999). We conclude that the district court properly granted defendants' motions to dismiss and did not abuse its discretion by denying Brady's

motion to amend. We affirm substantially for the reasons set forth by the district court in its January 11, 2017 memorandum decision and order and by the magistrate judge in his October 4, 2016 report and recommendation, which the district court adopted in full.

We may "award just damages and single or double costs to the appellee[s]" if we determine that an appeal is frivolous. Fed. R. App. P. 38. Given the nature of this appeal, we grant the request of appellees Associated Press Telecom, NBC News New York, WCBS–TV New York, New York Post, New York Daily News, Wall Street Journal, and Newsday Media Group to apply to this Court for damages and/or double costs.

We have considered all of Brady's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.